**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3324
_____

UNITED STATES OF AMERICA,

v.

BERNARDO CARRASCO-DELEON,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cr-00223-002)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2019
_____

Before: SHWARTZ, KRAUSE, and FUENTES, Circuit Judges.

(Filed: July 19, 2019)

_____

OPINION*
_____

SHWARTZ, Circuit Judge

_____

     * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Bernardo Carrasco-DeLeon appeals his drug sentence. He contends that he is entitled to a downward adjustment under U.S.S.G. § 3B1.2(a) for being a "minimal participant" in the criminal activity at issue. Because the District Court did not clearly err in determining that Carrasco-DeLeon had a more than minimal role in the drug conspiracy, we will affirm.

I

Carrasco-DeLeon agreed to accompany Ronald Nunez from Pennsylvania to Maryland to conduct a drug transaction. In exchange for a portion of the drug proceeds, Carrasco-DeLeon was to serve as a lookout while Nunez retrieved the drugs.

The drug supplier with whom Nunez was meeting was under investigation in connection with a multi-state drug distribution conspiracy. As a result, surveillance agents were present at the meeting location. They saw Nunez meet with the supplier as Carrasco-DeLeon conducted countersurveillance from Nunez's car. After Nunez returned to his car "with his arm tightly up against his side," the pair departed. App. 29. Officers pulled the car over, and both Nunez and Carrasco-DeLeon were arrested. Law enforcement found approximately two kilograms of heroin on the car floorboard on the passenger side, where Carrasco-DeLeon was sitting.

Carrasco-DeLeon pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a), respectively. After his guilty plea, the Probation Office prepared a presentence report recommending that Carrasco-DeLeon receive a two-level reduction in his offense level because it viewed

2

him as a "minor participant" in the crime under U.S.S.G. § 3B1.2(b). Carrasco-DeLeon objected, arguing that he was a "minimal participant" under U.S.S.G. § 3B1.2(a) entitled to a four-level reduction. Carrasco-DeLeon maintained that he was unaware of the type and quantity of drugs involved, and he argued that the fact he was paid by Nunez rather than directly by the drug supplier shows that his role, compared to that of his co-conspirators, was minimal.

The District Court considered the objection and found that Carrasco-DeLeon's participation was less than minor, but more than minimal, given his role as the lookout and the drug quantity involved. The Court therefore sustained in part and overruled in part the objection, giving Carrasco-DeLeon a three-level reduction for his role in the offense.[1] Carrasco-DeLeon appeals.

## II[2]

U.S.S.G. § 3B1.2 provides a four-level reduction for a "minimal participant" in any criminal activity, a two-level reduction for a "minor participant," and a three-level reduction for anyone "falling [in] between." A "minimal participant" is any defendant who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, cmt. n.4, whereas a "minor participant" is one who "is less culpable than most other participants in the criminal activity, but whose role could not be

---

[1] With the three-level reduction, Carrasco-DeLeon's total offense level was 22. With a criminal history category of I, his Guidelines sentencing range was 41-51 months. The District Court sentenced him to 41 months.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

described as minimal," id. at cmt. n.5. "In determining whether this adjustment is warranted, we have instructed district courts to consider 'such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" United States v. Self, 681 F.3d 190, 201 (3d Cir. 2012) (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)). The application of the role adjustment under U.S.S.G. § 3B1.2 "is heavily dependent on the facts of a particular case." United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998) (citing U.S.S.G. § 3B1.2, Commentary).

We review a district court's factual determinations concerning role adjustment for clear error, United States v. Richards, 674 F.3d 215, 222 (3d Cir. 2012) (citing United States v. Carr, 25 F.3d 1194, 1207 (3d Cir. 1994)), and exercise plenary review over the district court's role adjustment rulings that are "based . . . on a legal interpretation of the Sentencing Guidelines." [3] Isaza-Zapata, 148 F.3d at 237.

The District Court here made a factual determination that Carrasco-DeLeon's role in the drug conspiracy was between "minor" and "minimal." Comparing his participation to that of his co-conspirators, the Court acknowledged that Carrasco-DeLeon had a

---

[3] Carrasco-DeLeon asserts that the District Court erred by failing to compare his role to that of his co-conspirators. He is incorrect. The Court made no legal errors in this regard as it fully considered Carrasco-DeLeon's role in comparison to his co-conspirators. Carrasco-DeLeon's remaining challenges arise from disagreements as to how the Court factually characterized his level of involvement, not its interpretations of the Guidelines. As such, clear error review is appropriate. See Richards, 674 F.3d at 223.

smaller role than the drug supplier, but could not conclude that "he [was] plainly among the . . . least culpable of those involved." App. 35. The Court found that Carrasco-DeLeon was an active participant in the crime who played a key role in procuring the heroin, acting as a lookout in exchange for a portion of the expected proceeds from the transaction. The Court also emphasized the large drug quantity, purportedly worth approximately $120,000, reasoning that it was unlikely "this drug trafficking organization [would] allow some 'innocent' or unconnected individual to come in and act as a lookout for a drug transaction involving this . . . kilo plus quantity of drugs." App. 34; see Self, 681 F.3d at 201 ("[T]he fact that [the defendant] was trusted to handle the distribution of wholesale quantities of drugs worth hundreds of dollars speaks to the remaining Headley factors: [defendant's] relationship with the other members involved in the criminal enterprise and [defendant's] knowledge of the nature and scope of the venture." (internal citation omitted)).

Because the Court did not clearly err by determining that Carrasco-DeLeon had more than a minimal, but less than a minor role in the conspiracy, its three-level sentencing reduction under § 3B1.2 was appropriate.

## III

For the foregoing reasons, we will affirm.